## D. E. McKINNEY v. J. H. BALDWIN.

Delivered May 16, 1896.

Survey—Supposed Vacant Strip—Burden of Proof—Patent.

In an action by plaintiff to recover a strip of land for which he had obtained patent from the State upon the theory that it was originally a vacant strip left between two older surveys, but which was claimed by the defendant as being included in one of such elder surveys, the court correctly charged that the burden of proof was upon plaintiff to establish that the disputed land was left vacant between the older surveys before he could recover, and properly refused to charge that after plaintiff had introduced in evidence his patent therefor from the State, it then devolved upon the defendant to show the invalidity of such patent.

APPEAL from Grayson.    Tried below before Hon. DON A. BLISS.

*Beaty & Culver*, for appellant.

No brief for appellee reached the Reporter.

LIGHTFOOT, CHIEF JUSTICE.—This suit was brought by appellant D. E. McKinney in the District Court of Grayson County, to recover of appellee a small tract of about seven acres of land in the shape of an acute triangle (44 varas at the base, and about 1343 varas in length) lying between certain older surveys, the Ben Nix on the east, and Hardy Jones and Jas. McKinney on the west. The land claimed by appellant was patented August 21, 1895. The three older surveys were patented December 3, 1845, January 5, 1843, and March 5, 1847, respectively. It was proved that appellee held the land by regular chain of title under the Ben Nix survey, and that the Ben Nix west line extended west of and included the land embraced in appellant's patent.

The issues in the case are thus clearly stated in appellant's brief: "The dispute was, as to whether the land in controversy was vacant at the date appellant's patent issued, or was included in the Ben Nix survey, which was patented in 1845, making the location of the Nix west boundary the real question. Appellant contended that a vacant strip was left between the old Nix and McKinney surveys. Appellee claimed that said surveys joined each other, and that the east boundary of the McKinney and the west boundary of the Nix were identical."

The above was the issue as admitted by appellant, and it is correctly stated, except in the failure to mention the Jones survey, which is also on the west.

Appellant's only assignment of error, relied on as a proposition, is as follows: "The court erred in paragraph one of his charge to the jury, in instructing them that the burden of proof was upon plaintiff to establish that the land in controversy was left vacant between the Ben Nix, Hardy Jones and James McKinney surveys, before he could recover, and in refusing to give the second special charge requested by plaintiff, to the effect that after plaintiff had introduced his patent from the State

of Texas for the land in controversy, it devolved upon the defendant to show the invalidity of said patent."

That portion of the court's charge complained of is as follows: "The plaintiff in this case, D. E. McKinney, claims that the land in controversy was a strip of land left vacant between the Ben Nix survey on the east and the Hardy Jones and James McKinney surveys on the west, as said surveys were actually located on the ground by the surveyors who made the original surveys. The burden of proof is upon the plaintiff to establish this by a preponderance of the evidence, that is by a greater weight and credit of the testimony, before he can recover; otherwise your verdict should be for defendant."

Appellant requested the court to give the following special charge: "Gentlemen—The plaintiff has introduced in evidence before you a patent from the State of Texas to the land in controversy, and it then devolves upon the defendant to show the invalidity of said patent." This charge was refused.

We not find any error in the above charge of the court, or in the refusal of the requested charge. The issue as stated by the court is almost in the exact language in which appellant's counsel present it in their brief. Upon the question of the burden of proof, the court correctly stated the law in its charge. Clark v. Hill, 67 Texas, 148; Scott v. Pettigrew, 72 Texas, 329; Wyatt v. Foster, 79 Texas, 420.

In the first case named above (Clark v. Hill), Judge Willie, where the exact point was involved, said: "The plaintiff alleged that he had good title to the land in controversy by virtue of a location upon it of an unlocated balance of the Calder bounty warrant, and of a valid survey by the proper officer. The defendants, by their plea of not guilty, denied these allegations and put the plaintiff upon proof of his case as made by the petition. The onus was therefore upon the plaintiff to prove all these allegations, including the fact that the warrant was located on vacant land, and under the evidence developed at the trial, the land was vacant if not covered by the DeLeon grant. In support of his case upon this question, he showed a regular location of his bounty warrant upon the land, and a regular survey of the same by the proper officer. This made for him a prima facie case that the land was vacant and outside of the Ponce boundaries, and with this proof the plaintiff rested. Had no further evidence on the subject been introduced, the plaintiff would have been entitled to a verdict, for the presumption was that the surveyor had not located and surveyed for the plaintiff land within an older grant. But the defendants, in rebuttal of plaintiff's prima facie case, put in evidence facts tending to show that the land was not vacant at the date of location, but was covered by the DeLeon grant. The plaintiff, to sustain the prima facie case made by him, produced evidence tending to show that the land was not within the limits of the DeLeon grant, and hence was subject to his location.

"Under this state of case the court charged the jury that the burden of proof was upon the plaintiff, and that, if they believed from the evi-

dence the land in controversy was not within the limits of the DeLeon grant, they would find for the plaintiff; but if they found it to be within the grant they would find for the defendants, whether they found the exact location of the boundaries of said grant or not. The jury returned the following verdict: 'Under the instructions in the charge of the court to the jury, that the burden of proof in this case is upon the plaintiff, and not being able to agree upon the location upon the ground or the lines of the Ponce grant as defined in the original field notes, agree upon a verdict for the defendants.'

"The appellant complains that the court, having in effect charged that he had made out a prima facie case by proving his location and survey, erred in charging that the burden was upon him to show that the land was without DeLeon's lines. He further claims that the jury, being misled as to where the burden of proof lay, found for the defendants upon a state of facts which did not entitle them to a verdict. The whole question turns upon whether or not the burden of proving the land vacant, and without the Ponce lines, which originally rested with the plaintiff, was shifted to the defendants when plaintiff had made out a prima facie case upon the question. * * *"

"Whilst the party having the affirmative of an issue holds the burden of proof, as a general rule, it is not necessary that the issue should always be presented in an affirmative form. 1 Greenl. Ev., sec. 74. If this were requisite, a mere change in the form of the issue would change the burden of proof, without regard to the substance and effect of the issue. Much less does the fact that a defendant is forced to maintain the affirmative of some fact, in disproving the plaintiff's case, shift upon him the burden of proof. Hence, the onus probandi in this case was not affected by the fact that, in showing the land to have been vacant at the date of plaintiff's location, he had to prove that it was not within the lines of the Ponce grant; and the defendant met the issue by proof that it was embraced within the lines of that grant. That a party does not shift to his adversary the burden of proof by making out a prima facie case, is clear from what we have said, and is a well settled principle." Citing, Blanchard v. Young, 11 Cush., 345, and other authorities.

"His case must be disproved, but when proof having this tendency is produced, it then becomes a question whether upon the whole evidence the prima facie case has been successfully met by the adverse party. If it appears that the preponderance of testimony is not in favor of the party having the onus, the verdict should be against him. If the testimony is evenly balanced, he has failed to establish the issue, but has left it doubtful whether he has sustained it or not, and that doubt must inure to the benefit of his adversary.

"Applying these principles to the case before us, we find the charge of the court correct upon the subject of the burden of proof, and in directing the jury to find for the defendants if the land in controversy

was upon the DeLeon grant, whether they could locate its boundaries or not."

Under the facts proved in this case, it is clear that the Ben Nix is one of the oldest locations made in that neighborhood. Its southeast corner is well established. The southwest corner is gone. But the south line of the Ben Nix extended from its southeast corner, the distance called for in the patent, not only leaves no land between the Nix and the McKinney surveys, but would lap over a distance of sixteen or seventeen varas. So that, in fact, there was no vacant land between the Nix west line and the McKinney and Jones east lines to be covered by appellant's patent.

We think the justice of the case has been clearly reached; we find no error in the judgment, and it is affirmed.

*Affirmed.*